**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| ASCALE TECHNOLOGIES LLC, | § | Case No. 7:25-cv-00273-LS |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| v. | § | [redacted] |
| INTEL CORPORATION, | § | |
| Defendant, | § | |
| and | § | |
| ALTERA CORPORATION, | § | |
| Defendant. | § | |

**INTEL CORPORATION AND ALTERA CORPORATION'S MOTION FOR LEAVE TO AMEND FINAL INVALIDITY CONTENTIONS**

## I. INTRODUCTION

Intel Corporation ("Intel") and Altera Corporation ("Altera," and, with Intel, "Defendants") respectfully move for leave to amend their Final Invalidity Contentions to substitute a single prior art product—the SigmaTel STMP3550 D-Major™ Audio System on Chip ("STMP3550")—based on newly produced information from third parties.[1]

Plaintiff Ascale Technologies LLC ("Ascale") asserts five patents that it acquired from NXP, including U.S. Patent No. 7,490,266 ("the '266 patent"). Before Final Invalidity Contentions, Defendants sought discovery from both Ascale and NXP regarding NXP products that are prior art to the '266 patent. Both NXP and Ascale [redacted] Defendants have now learned new information that shows otherwise. ***First***, in late July, 2026, the named inventor of the '266 patent revealed that he worked on the STMP3550—a product that was first made by SigmaTel, was then acquired by NXP, and predated the '266 patent by more than a year. ***Second***, when Intel then requested, in early August, that NXP search for STMP3550 documents, NXP produced ***more than 10,000 new documents***—including documents that are not publicly available and that show that [redacted]

Because the non-public information showing the relevance and functionality of the STMP3550 was produced by third parties after the deadline for Final Invalidity Contentions, the STMP3550 is invalidating prior art under Ascale's infringement theory, and Ascale is not prejudiced by this amendment, Defendants request leave to amend their invalidity contentions to substitute the STMP3550—specifically, to rely on the STMP3550 instead of a previously disclosed

[1] The proposed amendment is Exhibit A to the Declaration of Jordan L. Hirsch filed in support of this motion.

prior art combination that Defendants will drop.

## II. FACTUAL BACKGROUND

Ascale filed this action on June 16, 2025, asserting five patents. Dkt. 1. Each of the patents originated with Freescale Semiconductor, Inc., which was acquired by NXP. The asserted '266 patent claims priority to February 13, 2006. Dkt. 31-1, '266 patent, at cover. The patent relates to specific power management techniques, including a "***power monitor circuit***" that monitors a power source for error conditions and powers down both the processor and power source in the event of an error condition in the power source. Dkt. 31-1, '266 patent, at abstract, 6:64-8:62. Among other things, the patent describes that the power monitor circuit uses a "comparator" to detect an error condition and then powers down the processor before the power source. *Id.* at 2:27-30.

Well before the June 15, 2026 deadline for Final Invalidity Contentions, Defendants undertook extensive efforts to locate prior art. Defendants found ***more than thirty prior art references*** relating to the '266 patent. Ex. B, Defendants' Final Invalidity Contentions at 8-11, 30-32. Because NXP made thousands of products before the earliest '266 patent priority date, and much of the information regarding these products is not public, Defendants also sought discovery from both Ascale and NXP regarding any NXP product prior art relevant to the '266 patent, including by:

- Serving Interrogatories on Ascale seeking information concerning the earliest making, use, sale, and disclosure of inventions claimed in the asserted patents by Ascale or NXP as well as information regarding any efforts by Ascale or NXP to manufacture the claimed inventions of the asserted patents. Ex. C, Defendants' Interrogatories to Ascale at Nos. 2, 12.

- Serving third-party subpoenas on NXP similarly seeking documents concerning NXP products related to the technology claimed in the '266 patent, including the power monitoring circuit, and prior art to the '266 patent. *See, e.g.*, Ex. D, Intel Subpoena to NXP at Nos. 21, 34, 42.

- Seeking to interview Marcus May, the named inventor on the '266 patent, as early as January 2026. Hirsch Decl. ¶ 3.

None of this revealed the STMP3550. Ascale's interrogatory responses stated that it did not have any information regarding the earliest manufacture, use, or disclosure of the invention claimed in the '266 patent and did not identify any NXP products related to the '266 patent. Ex. E, Ascale Interrogatory Responses at Nos. 2, 12. NXP's subpoena responses similarly stated that [redacted]. Ex. F, NXP Subpoena Response at Nos. 21, 34, 42. Mr. May did not answer Intel's initial phone calls. Hirsch Decl. ¶ 3. Defendants submitted Final Invalidity Contentions in June 2026, including the more than thirty prior art references to the '266 patent, but because they had no information regarding its existence or relevance, not the STMP3550.

Just weeks ago, however, third parties produced significant new information showing that there ***is*** relevant NXP product prior art. On July 24, 2026, Intel's counsel was able to interview Mr. May. Intel's counsel now represents Mr. May, but during the July 24 interview when Mr. May was not represented, Mr. May stated that in the early 2000s, he worked on the STMP3550, which was a chip used to run the first-generation iPod Shuffle, and that the STMP3550 included a power monitor circuit. Hirsch Decl. ¶ 4. The first-generation iPod Shuffle was released on January 11, 2005, more than a year before the earliest claimed priority date of the '266 patent. Ex. G, Apple press release; Ex. H, "Entry-level iPod Shuffles in," EE Times. After learning this information, Defendants immediately investigated the STMP3550, including by contacting NXP to request an additional document search specific to the STMP3550 in response to Intel's subpoena. Ex. I, August 4, 2026 Email from A. Coneys. [redacted]

[redacted] NXP produced ***more than 10,000 new documents***, including documents that show [redacted] Ex. A (STMP3550 Claim Chart) at 198-374; Hirsch Decl. ¶ 6.

On August 28, 2026, Defendants contacted Ascale to seek its consent to substitute the STMP3550 in Defendants' Final Invalidity Contentions in light of this newly produced third-party information. Defendants seek to rely on the STMP3550 product instead of a previously disclosed combination (the "Tran + Nokkonen + Zhang + Bucur + Wataru" combination) that Defendants would drop from their contentions. Ascale has not yet provided any substantive arguments relating to invalidity; in response to Defendants' interrogatory seeking Ascale's validity arguments, Ascale simply asserted without any explanation or detail that no prior art invalidates the asserted claims. Ex. E, Ascale Interrogatory Responses at No. 8 (pp. 30-44). Ascale's validity expert report is not due until December 21, 2026. Dkt. 37 at 3. Nonetheless, Ascale refused Defendants' request.

## III. ARGUMENT

### A. Legal Standard

Final Invalidity Contentions can be amended after the final contention deadline "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); Dkt. 37 at 2. Courts consider four

factors when determining whether a party may supplement its contentions: (1) the explanation for the [party's] failure to meet the deadline, (2) the importance of what would be excluded, (3) potential prejudice in allowing amendment, and (4) the availability of a continuance to cure such prejudice. *Kinetic Concepts, Inc. v. BlueSky Med. Corp.*, No. SA-08-CV-102-RF, 2009 WL 10664413, at *1 (W.D. Tex. Dec. 21, 2009); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Each of these factors weighs in favor of allowing Defendants' amendment.

**B. Defendants Were Diligent in Discovering and Disclosing the STMP3550**

Defendants took extensive steps to locate relevant prior art, including NXP product prior art. Defendants located more than thirty prior art references for the '266 patent, subpoenaed NXP for any product prior art, served discovery on Ascale seeking any NXP product prior art, and sought to interview Mr. May five months before the deadline for Final Invalidity Contentions. Ex. B, Defendants' Final Invalidity Contentions at 8-11, 30-32; Ex. C, Defendants' Interrogatories to Ascale at Nos. 2, 12; Ex. D, Intel Subpoena to NXP at Nos. 21, 34, 42; Hirsch Decl. ¶ 3. But Ascale and NXP stated they did not have any information regarding NXP prior art products and Intel was unable to speak with Mr. May before the deadline. Ex. E, Ascale Interrogatory Responses at Nos. 2, 12; Ex. F, NXP Subpoena Response at Nos. 21, 34, 42; Hirsch Decl. ¶ 3.

Nonetheless, Defendants continued diligently pursuing product prior art. And now, new third-party information has revealed that the STMP3550 is invalidating prior art under Ascale's infringement theory: on July 24, Mr. May revealed that he worked on the STMP3550 and on August 12, NXP produced thousands of new documents, including documents showing that at least as Ascale is interpreting the '266 patent claims, [redacted]

[redacted] Defendants promptly contacted Ascale to seek agreement to add the STMP3550 to Defendants' Invalidity Contentions. Hirsch Decl. ¶ 7.

This is exactly the type of diligence that courts have found supports leave to amend. *See Rsch. in Motion, Ltd. v. Eastman Kodak Co.*, No. 3:08-CV-2075-K, 2010 WL 11506091, at *1 (N.D. Tex. May 28, 2010) (finding good cause to amend invalidity contentions where the movant "had sought the [prior art] months before the deadline," and relevant prior art was included in a voluminous production defendant had to review). Where the defendant diligently pursued prior art and then learned about new prior art from ***third parties*** after the deadline for Final Invalidity Contentions, leave to amend is appropriate. *Garrity Power Servs. LLC v. Samsung Electrs. Co.*, No. 2:20-cv-00269-JRG, 2021 WL 4894262, at *2 (E.D. Tex. Oct. 19, 2021) (finding diligence where the movant "contacted numerous individuals and issued several subpoenas" to locate information about a prior art system); *Indus. Print Techs., LLC v. O'Neil Data Sys., Inc.,* No. 3:15-md-02614-M, 2018 WL 398745, at *5 (N.D. Tex. Jan. 11, 2018) (finding good cause to amend invalidity contentions where defendants "acted diligently in contacting [a] listed inventor," and inventor revealed prior art system after deadline for contentions); *TurboChef Techs., Inc. v. Garland Com. Indus., LLC*, No. 07-CV-1330-F, 2010 WL 11618339, at *2 (W.D. Tex. June 24, 2010) (granting leave to amend final invalidity contentions where movant sought amendment after being notified of "newly discovered" prior art by a third party); *Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *3-4 (E.D. Tex. Feb. 1, 2006) (granting motion for leave where the movant "show[ed] that it was diligent in its attempts to discover relevant prior art," and learned of a prior art device after serving contentions).

Defendants' diligence is further confirmed by the fact that the documents NXP produced just weeks ago include ***non-public information*** that was responsive to Intel's subpoena to NXP,

which Intel served well in advance of the contention deadline. NXP made thousands of products before the '266 patent priority date. That is why Intel asked Ascale and NXP which, if any, NXP products related to the asserted patents or the functionality described in the asserted patents. After both responded that there were no such products, Intel had no way to know about the relevance of the STMP3550 until interviewing Mr. May and receiving documents from NXP—including non-public source code, product data sheets, schematics, hardware development guides, and technical design documentation—that showed the relevant features of the STMP3550. Defendants moved to amend as soon as they could after they had an opportunity to review NXP's voluminous production. *Telcom Ventures LLC v. Samsung Electrs. Co., Ltd.*, 2:24-cv-691, 2026 WL 1103442, at *2 (E.D. Tex. Apr. 23, 2026) (amendment proper where movant "informed [plaintiff] of the [newly discovered] prior art in a timely fashion," and there was a "lack of publicly available information regarding the … prior art systems").

**C. The STMP3550 Is Dispositive for the Asserted '266 Patent**

Defendants' proposed amendment is important because it appears to be dispositive for the '266 patent. The newly produced NXP documents show that under the claim interpretation Ascale is using to allege infringement, the STMP3550 [redacted] Ex. A (STMP3550 Claim

Chart) at 198-374. Because the product was used in the iPod Shuffle more than a year before February 13, 2006, the ’266 patent’s earliest priority date, the STMP3550 invalidates the claims under Ascale’s reading. This further favors Defendants’ amendment. *Alt*, 2006 WL 278868, at *4 (allowing motion to amend invalidity contentions because the prior art references were “very important to its ability to mount a defense”); *Wilco Marsh Buggies & Draglines, Inc. v. Weeks Marine, Inc.*, 618 F. Supp. 3d 335, 346 (E.D. La. 2022) (finding importance factor favored amendment of final invalidity contentions where the proposed prior art formed basis for forthcoming summary judgment motion, and defendant’s “extensive description and charts” demonstrated a plausible basis for the invalidity theory).

**D. Defendants’ Proposed Amendment Would Not Prejudice Ascale**

Finally, Defendants’ narrow proposed amendment would not prejudice Ascale.

***First***, Defendants are not moving to re-do their contentions—they seek to substitute (rather than add) a single product prior art reference based on newly produced information. Under the Scheduling Order, at this stage of the case, Defendants are allowed fifteen prior art references/combinations per patent with a total limit of fifty references/combinations. Dkt. 37 at 2. Defendants’ amendment would drop one of their combinations from the Final Invalidity Contentions (the “Tran + Nokkonen + Zhang + Bucur + Wataru” combination) and replace it with the STMP3550. Defendants therefore are not seeking to deviate from the prior art narrowing set forth in the Scheduling Order. *Comput. Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 626 (E.D. Tex. 2007) (no prejudice where defendant sought “only one additional prior art” reference); *Kinetic Concepts, Inc.*, 2009 WL 10664413, at *3 (granting leave to supplement invalidity contentions based on the “lack of prejudice to Plaintiffs”).

***Second***, Ascale has not yet provided any substantive validity arguments. After serving their invalidity contentions relating to the '266 patent, Defendants submitted an interrogatory seeking Ascale's validity arguments and responses. Ascale did not provide any substantive response. It simply copied and pasted claim limitations and made a blanket statement that the prior art does not invalidate. Ex. E, Ascale Interrogatory Responses at No. 8 (pp. 30-33, 41-42). Ascale has not provided any analysis relating to the Tran + Nokkonen + Zhang + Bucur + Wataru combination that Defendants' amendment will replace. Ascale would not have to re-do anything in its validity case or arguments. And Ascale has over three months until its validity expert report is due. Dkt. 37 at 3. Ascale thus will experience no prejudice as a result of Defendants' amendment, and there is no need for a continuance.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant them leave to serve amended Final Invalidity Contentions substituting the STMP3550 for the Tran + Nokkonen + Zhang + Bucur + Wataru combination.

Dated: September 4, 2026

Respectfully submitted,

By: */s/ Sarah R. Frazier*

Brian C. Nash (SBN: 24051103)
BNash@mofo.com
**MORRISON & FOERSTER LLP**
300 Colorado Street, Suite 1800
Austin, TX 78701
Phone: (512) 617-0650
Facsimile: (737) 910-0730

Sarah R. Frazier (Mass. BBO No. 681656)
sarah.frazier@wilmerhale.com
Jordan L. Hirsch (*pro hac vice*)
jordan.hirsch@wilmerhale.com
Thomas F. Lampert (*pro hac vice*)
thomas.lampert@wilmerhale.com
**Wilmer Cutler Pickering Hale and Dorr LLP**
60 State Street
Boston, MA 02109
Phone: (617) 526-6000
Facsimile: (617) 526-5000

Haixia Lin (*pro hac vice*)
haixia.lin@wilmerhale.com
**Wilmer Cutler Pickering Hale and Dorr LLP**
2100 Pennsylvania Ave NW
Washington, DC 20037
Phone: (202) 663-6000
Facsimile: (202) 663-6363

Taylor Gooch (*pro hac vice*)
taylor.gooch@wilmerhale.com
**Wilmer Cutler Pickering Hale and Dorr LLP**
50 California Street, Suite 3600
San Francisco, CA 94111
Phone: (628) 235-1000
Facsimile: (628) 235-1001

*Counsel for Defendant Intel Corporation*

Paige Arnette Amstutz
Texas State Bar No. 00796136
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
Email: pamstutz@scottdoug.com

Tara D. Elliott (pro hac vice)
Jacob C. Vannette (pro hac vice)
Connor Wheeler (pro hac vice)
Brian Smallshaw (pro hac vice)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
T: (202) 637-2200
F: (202) 637-2201
Tara.Elliott@lw.com
Jake.Vannette@lw.com
Connor.Wheeler@lw.com
Brian.Smallshaw@lw.com

*Attorneys for Defendant Altera Corporation.*

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Defendants met and conferred with counsel for Ascale in good faith regarding the relief requested in this Motion on September 4, 2026. The parties were unable to reach agreement, and Ascale's counsel indicated that Ascale is opposed to the relief requested herein.

*/s/ Sarah R. Frazier*

Sarah R. Frazier

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document by email on September 4, 2026.

*/s/ Sarah R. Frazier*

Sarah R. Frazier