**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| ASCALE TECHNOLOGIES LLC, | § | Case No. 7:25-cv-00273-LS |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| INTEL CORPORATION, | § | |
| Defendant. | § | |
| and | § | |
| ALTERA CORPORATION, | § | |
| Intervenor. | § | |

**JOINT NOTICE REGARDING DISPUTED PROTECTIVE ORDER**

Plaintiff Ascale Technologies LLC ("Ascale" or "Plaintiff"), Defendant Intel Corporation ("Intel" or "Defendant"), and Intervenor Altera Corporation ("Altera" or "Intervenor") (collectively, "Parties") respectfully write to notify the Court of compromises resolving the majority of the pending disputes over the Protective Order following a meet-and-confer on September 21, 2026, as reflected in Exhibit A. The Parties positions as to the one remaining dispute are set forth below.

**Ascale's Position**

The only remaining dispute regards printouts of source code. Ascale expects that much of the most relevant evidence will be found in Intel's source code, and has agreed to perform its initial review onsite at Intel's counsel's office. As is typical in patent cases,[1] Ascale would then request

[1] *See e.g.* https://www.txwd.uscourts.gov/court-staff/u-s-district-judge-alan-albright/ (Judge Albright Default Patent Protective Order); https://txed.uscourts.gov/sites/default/files/judgeFiles/Sample_Protective_Order_Patent_Cases_%28April%202019%29_0.docx (Judge Gilstrap, E.D. Tex. Sample protective order);

printouts of sections of the code be made and sent to its counsel and experts. However, Intel's extraordinary proposal limits the receiving party to only two printout copy sets, and prohibits consultants (*e.g.*, technical experts or source code reviewers) from being mailed or shipped copy sets of printouts or keeping those copy sets at their places of work, per provisions 4(g)-(h) and 4(n)

These restrictions are unduly burdensome, and would prevent effective use of source code materials in expert reports. These provisions are significantly more draconian than those found in any default protective order, and would require consultants to travel to travel to counsel's offices (or to Defendant's counsel's offices if Intel deems "feasible based on location" under Intel's alternate proposal) to work on expert reports, deposition preparation, motions, and the like. Given the requirements that code review happen on-site at Defendant's counsel's offices, this additional travel would be extraordinarily burdensome and expensive, and as a practical matter would make extended work with source code impossible. Both this and other Courts have recognized this burden, as patent default protective orders generally do not restrict mailing or shipping of source code printouts to consultants.[2] While Ascale understands that Intel identifies the *Proxense* protective order as relevant authority, Ascale respectfully suggests that *Proxense* is due no deference. In *Proxense*, plaintiff and defense counsel stipulated to a protective order with Intel's preferred restrictions. *Proxense, LLC v. Intel Corp.*, No. 6:24-283-ADA, Dkt. 23 (W.D. Tex. Jan. 8, 2025). After the parties litigated under that stipulated order for more than eight months, Proxense sought to revise that order to remove the provisions. *Proxense, LLC v. Intel Corp.*, No. 6:24-283-ADA, Dkt. 56 (W.D. Tex. Oct. 9, 2025). Judge Albright denied the request without explaining his reasoning. *Id.* Ascale respectively suggests that *Proxense* cannot carry any weight in this situation

---

https://cand.uscourts.gov/sites/default/files/documents/ND_Cal_Patent_Highly_Sensitive_Model_Prot_Ord_Revised.pdf (N.D. Cal. Model Patent Protective Order)

[2] *See* n.1, *supra*.

given that the original *Proxense* protective order was stipulated and plaintiff sought to revise a stipulated protective order that had been in place for most of a year – even then, Judge Albright ordered Intel to pay the costs of travel for Plaintiff's consultants. However, in view of Intel's security concerns, and as a compromise, Ascale has proposed a limit of five copies of source code printouts to be mailed to counsel or consultants under the same security restrictions as currently proposed.

**Defendants' Position**

Ascale's proposal would require Intel to distribute multiple copies of its highly-sensitive source code to yet-to-be-identified outside consultants and experts for storage at their homes, creating significant and unnecessary security risks. These risks are heightened given that Defendants have already acceded to Ascale's request to print ***400 pages per product family***—a volume higher than any other protective order that either party has identified. Consistent with recent precedent in this district, the Court should reject Ascale's request that hard copies of code be delivered to the homes of outside experts and consultants and adopt Defendants' proposal, under which copies would be made available at the offices of Ascale's outside counsel and/or the offices of Defendants' counsel in cities near to where Ascale's experts or consultants are located to whatever extent is feasible.[3]

Defendants' source code is among their most sensitive data. Intel's code has been targeted by competitors, foreign governments, and state-sponsored hackers. Every page of printed code increases the risk that code is stolen, misplaced, or inadvertently disclosed. And any code that is improperly accessed could have irreparable consequences to Defendants' business and present national security risks as foreign governments attempt to disrupt U.S. semiconductor production.

[3] Ascale has declined to identify the location of any of its experts or consultants to date that would enable the parties to assess available locations nearby.

On account of this, protective orders routinely restrict the storage of hard copies of such code to the offices of outside counsel. *See e.g.*, *ParkerVision, Inc. v. Intel Corp.*, 20-cv-00562-ADA, ECF No. 68 at 8 (W.D. Tex. Nov. 5, 2021); *VLSI Tech. LLC v. Intel Corp.*, 21-cv-00057, ECF No. 75, at 15-16 (W.D. Tex. Sept. 16, 2019). Indeed, the court in *Proxense, LLC v. Intel Corp.* considered and denied the same request that source code printouts be delivered to and maintained by the plaintiff's outside experts and instead required that the source code printouts be maintained at Intel or Intel's outside counsel's offices. 24-cv-00283-ADA, ECF No. 56, at 1-2 (W.D. Tex. Oct. 9, 2025) (Albright, J.). Although Ascale attempts to discount the decision in *Proxense* because it arose in the context of a request to amend the original protective order, that is a distinction without a difference. Judge Albright considered and rejected the plaintiff's request to permit expert retention of source code printouts on the merits. If anything, the fact that the plaintiff in *Proxense* sought amendment suggests it had identified some concrete burden with storage in outside counsel's offices due to the location of its experts relative to those offices. Even then, Judge Albright declined to require Intel to provide code directly to outside consultants and experts.

The same result is warranted here. Ascale's proposal that source code printouts be delivered to and maintained at the homes of its outside consultants and experts would create significant risks of inadvertent disclosure and irreparable harm to Defendants. Those risks outweigh any burden identified by Ascale.

***First***, Ascale has not identified the consultants to whom it seeks to provide Defendants' source code or their locations, and therefore has failed to identify any actual burden imposed by Intel's proposal. Defendants have agreed to deliver copies to Ascale's outside counsel and to make copies available at the offices of outside counsel in cities near to where its outside consultants and

experts are located to whatever extent is feasible. Ascale makes conclusory allegations of expense and burden without any facts to substantiate them. As in the *Proxense* case, Defendants are willing to work cooperatively in an effort to arrange for the code to be available in a city near to where Ascale's experts are located and, if necessary, bear the expert's reasonable travel costs.

***Second***, Defendants' proposal does not prejudice Ascale's ability to litigate this case. Ascale's experts may review the source code, analyze it, and rely upon it in preparing expert reports. The only limitation is that the source code be received and maintained by outside counsel rather than distributed to consultant-controlled locations. Ascale has identified no concrete reason why its experts cannot perform their work under those conditions.

***Third***, Ascale has provided no assurance that its consultants' homes have the physical and procedural safeguards necessary to protect Defendants' source code. Law firms routinely maintain secure storage procedures, building-security measures, visitor controls, identification requirements, and restricted-access areas designed to protect highly sensitive litigation materials not present in residential or other settings.

***Finally,*** Ascale's request for five copy sets would exacerbate security risks by requiring Intel to create and distribute more copies of source code than necessary. Each additional copy creates an additional risk of loss or unauthorized access. Ascale offers no explanation for why two copy sets would be insufficient.

Dated: September 23, 2026

Respectfully submitted,

*/s/ Vincent J. Rubino, III*
Raymond W. Mort, III
Texas Bar No. 00791308
Email: raymort@austinlaw.com
**THE MORT LAW FIRM, PLLC**
100 Congress Avenue, Suite 2000

Austin, Texas 78701
Tel/Fax: 512-865-7950

*OF COUNSEL*:

Peter Lambrianakos (*pro hac vice*)
NY Bar No. 2894392
Email: plambrianakos@frlip.com
Vincent J. Rubino, III (*pro hac vice*)
NY Bar No. 4557435
Email: vrubino@frlip.com
Jacob Ostling (*pro hac vice*)
NY Bar No. 5684824
Email: jostling@frlip.com
**Fabricant, Rubino & Lambrianakos LLP**
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***ATTORNEYS FOR PLAINTIFF ASCALE TECHNOLOGIES, LLC***

*/s/ Sarah R. Frazier*
Brian C. Nash (SBN: 24051103)
BNash@mofo.com
**MORRISON & FOERSTER LLP**
300 Colorado Street, Suite 1800
Austin, TX 78701
Telephone: (512) 617-0650
Facsimile: (737) 910-0730

Sarah R. Frazier (Mass. BBO No. 681656)
sarah.frazier@wilmerhale.com
Jordan L. Hirsch (*pro hac vice*)
jordan.hirsch@wilmerhale.com
Thomas F. Lampert (*pro hac vice*)
thomas.lampert@wilmerhale.com
**Wilmer Cutler Pickering Hale and Dorr LLP**
60 State Street
Boston, MA 02109

Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Haixia Lin (*pro hac vice*)
haixia.lin@wilmerhale.com
**Wilmer Cutler Pickering Hale and Dorr LLP**
2100 Pennsylvania Ave NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Taylor Gooch (*pro hac vice*)
taylor.gooch@wilmerhale.com
**Wilmer Cutler Pickering Hale and Dorr LLP**
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

***COUNSEL FOR DEFENDANT INTEL CORPORATION***

*/s/ Paige Arnett Amstutz*
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
Email: pamstutz@scottdoug.com

Tara D. Elliott (pro hac vice)
Jacob C. Vannette (pro hac vice)
Connor Wheeler (pro hac vice)
Brian Smallshaw (pro hac vice)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004

Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Tara.Elliott@lw.com
Jake.Vannette@lw.com
Connor.Wheeler@lw.com
Brian.Smallshaw@lw.com

***ATTORNEYS FOR INTERVENOR ALTERA CORPORATION***

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Ascale conferred with counsel for Intel and Altera in good faith regarding the relief requested in this Motion. The parties were unable to reach agreement on the disputed provisions of the protective order and bring these issues to the Court for decision.

*/s/ Vincent J. Rubino, III*
Vincent J. Rubino, III