# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| ASCALE TECHNOLOGIES LLC, | § | Case No. 7:25-cv-00273-LS |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| INTEL CORPORATION, | § | |
| Defendant, | § | |
| and | § | |
| ALTERA CORPORATION, | § | |
| Intervenor. | § | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). Based on the parties' submissions and the record in this matter, the court finds that disclosure and discovery activity in this action are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, a protective order for such information is justified in this matter:

- to expedite the flow of information;
- to facilitate the prompt resolution of disputes over confidentiality of discovery materials;
- to adequately protect information the parties are entitled to keep confidential;
- to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial;
- to address the handling of confidential materials at the end of the litigation; and
- to serve the ends of justice.

This Protective Order does not confer blanket protections on all disclosures of responses to discovery, and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential.

After careful consideration, it is ORDERED that the motion is granted, and the court ORDERS the following:

**1. Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential," "Confidential - Attorneys' Eyes Only," or "Outside Counsel's Eyes Only – Source Code" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during discovery, or otherwise.

**2. Qualified Persons**

"Qualified Persons" means:

a. For Outside Counsel Eyes Only – Source Code information:

i outside counsel of record for the party receiving Source Code materials and their respective staff. Counsel of record means: (i) outside counsel who appears on the pleadings as counsel for a party; (ii) partners, associates, of counsel/counsel, contract attorneys, and employees of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters; provided, however, that "counsel of record" does not include a person employed by the attorneys who gives technical, scientific or financial advice relating to the substantive issues in this action unless that person is a licensed attorney—such persons can have access to Classified Information only if they qualify as an "outside consultant"; (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action "Counsel of record" does not include any person who is an employee, director, or officer of a party or a party's affiliates even if that person appears on the pleadings as counsel for a party;

ii outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) such consultants or experts are not presently employed (directly or indirectly) by a competitor of a Party; (3) before access is given, the consultant or expert has

completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant to permit the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The curriculum vitae must include all current and past expert engagements with any parties in the past five years, and the general nature of the engagement. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;[1]

iii this court and its staff and any other tribunal, special master, or dispute resolution officer duly appointed or assigned in connection with this litigation; and

iv court reporters, video camera operators, and translators.

b. For Confidential - Attorneys' Eyes Only:

i. The persons identified in subparagraph 2(a);

ii. persons who appear on the face or metadata of materials containing Classified Information as an author, addressee or recipient thereof;

iv. retained counsel for the parties in this litigation and their respective staff;

v. this court and its staff and any other tribunal, special master, or dispute resolution officer duly appointed or assigned in connection with this litigation; and

vi. litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel.

---

[1] Designation of an outside expert or consultant under this provision is not a waiver of such person's status as a consulting only expert or of any otherwise existing protection against discovery of such person's work or opinions.

c. For Confidential information:

i. the persons identified in subparagraph 2(a) and 2(b);

ii. the party, if a natural person;

iii.. if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have signed Appendix A agreeing to be bound by the terms of this Protective Order;

iv. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, by their receipt of Confidential information are bound by the terms of this Protective Order;

v. jury and trial consultants and their staff and mock jurors who have signed Appendix A agreeing to be bound by the terms of this Protective Order;

vi. any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

vii. Such other person as this court may designate after notice and an opportunity to be heard.

Each person to whom Classified Information may be disclosed, and who is required to sign Appendix A must do so prior to reviewing Classified Information. Counsel of record for the receiving party must retain each original executed Appendix A and, on written request, must provide copies to counsel of record for all other parties after the termination of this action. The identification of an individual pursuant to this Order does not make that individual subject to deposition or any other form of discovery.

For purposes of subsections (a)(ii), the attorney who retains or designates such persons shall maintain the signed certifications of those persons.

**3. Designation Criteria**

a. *Classified Information.* A party shall designate as Classified Information only such

information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified Information.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

b. *Confidential - Attorneys' Eyes Only.* The designation "Confidential -Attorneys' Eyes Only," shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, nonpublic financial information, pricing information, customer identification data, and certain study methodologies.

c. *Outside Counsel's Eyes Only – Source Code*.

i The designation "Outside Counsel's Eyes Only – Source Code" shall be reserved for RTL/VHDL, schematics, netlists, layout files (e.g. GDSII), process flows, recipes) and/or live data (that is, data as it exists residing in a database or databases), including instructions contained in files (such as .c, .h, .cpp, .cs, .java, make, msm, dra, brd, sip, and .gds files, netlist files, Hardware Description Language (HDL) files, Register Transfer Level (RTL) files, Cadence and other computer aided design files, Chip-Level Schematics, layout files (such as GDS, GDSII, OASIS, LAFF, or other comparable file types) and Detailed Process Flows or Recipe files (collectively, "Source Code Material") that the designating party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the designating party (a) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (b) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. The term "Detailed Process Flow" shall mean a chart, diagram, or other type of document (or set of

documents) that describes the manufacture or assembly of a finished integrated circuit, including the order of steps, applicable tooling Recipes, types of materials, thickness of materials, properties of materials, or the manufacturing process for a specific integrated circuit. The term “Recipe” shall mean a document constituting or containing, whether in text, a chart, a diagram, or other manner of presentation of information, a description of the specific formula or recipe for configuring tools used in the manufacture or assembly of a finished integrated circuit, including without limitation the order of steps, types of materials, thickness of materials, properties of materials, and the manufacturing process for a specific integrated circuit. The term “Chip-Level Schematics” shall refer to a subset of Source Code Material such as schematics and layout files (such as GDS, GDSII, OASIS, LAFF, or other comparable file types) or images captured of such schematics or layout files. For the avoidance of doubt, Chip-Level Schematics do not include block diagrams, CAD files or CAD drawings, or drawings that are contained in publicly available documents. This designation includes all material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing. Any document designated as “Outside Counsel Eyes Only – Source Code” information is automatically designated as Subject to Prosecution Bar in Section 5.

e. *Nonclassified Information.* Classified Information shall not include information that either:

i. is in the public domain at the time of disclosure, as evidenced by a written document;

ii becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

iii the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

iv lawfully comes into the recipient’s possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

**4. Inspection and Production of Source Code**

a. *The Secure Room.* Access to a Party’s Source Code Material shall be provided only on “stand-alone” computer(s) (that is, the computer may not be linked to any network, including a local area network (“LAN”), an intranet or the Internet). The

stand-alone computer(s) shall include a full-size keyboard, mouse, and two monitors. The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 4(l) and 4(o) below. Additionally, except as provided in paragraph 4(o) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel or its vendors.

b. *Review of Source Code.* No electronic devices are permitted in the Secure Room, including laptops, floppy drives, zip drives, cellular telephones, personal digital assistants, cameras, voice recorders, telephone jacks or other hardware. Non-electronic devices capable of similar functionality are also prohibited, as is loose paper that could be used in a printer. Written notes relating to the Source Code may be taken only in spiral- or permanently bound notebooks. The Source Code may not be copied into the notes. Notwithstanding this provision, file names, location (*i.e.*, directory path), function names and variables may be copied into the notes. The producing party may monitor any review of Source Code designated as "Outside Counsel Eyes Only – Source Code", but only as is reasonable to ensure compliance with this Protective Order and in a manner that will not interfere with the receiving party's confidential communications or otherwise invade the receiving party's attorney work product, and that will afford the receiving party adequate privacy to permit the development of appropriate work product.

c. The producing party shall provide the receiving party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code material on the stand-alone computer(s).

d. The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above.

e. Prior to the first inspection of any requested Source Code Material, the Receiving Party shall provide fourteen (14) days' notice of the Source Code Material that it wishes to inspect. The Receiving Party shall provide three (3) days' notice prior to any additional inspections of that code. The Receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computer to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m on business days (i.e., weekdays that are not Federal holidays). A list of names of persons who will inspect the Source Code Material will be provided to the Producing Party at the time of the request for access. Upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its Outside Counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action**.**

f. Access to Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts[1] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to Paragraph 2(a)(ii). A receiving Party may include excerpts of Source Code Material in an exhibit to a pleading, expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

g. *Printing Portions of the Source Code.* A receiving party is allowed to request paper copies of necessary, specific portions of the Source Code at the time of inspection. Paper copies are restricted to what is necessary for use in a filing, in an expert report, at a deposition, or at a hearing. The receiving Party shall not print Source Code Material in order to review blocks of Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the stand-alone computer(s), as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted solely to enable use of Source Code Materials in filings, depositions, proceedings, contentions, expert reports, and related drafts and correspondence. Except as provided in §4(h), the receiving party is prohibited from removing the paper copies from the Secure Room. Each image of source code requested for printing counts as one "Page of Source Code" for purposes of this Protective Order.

h. *Delivery of Printouts.* The producing party will collect any printed pages of the Source Code, and Bates number, copy, and label them "Outside Counsel Eyes Only – Source Code." Within seven calendar days, the producing party must either (a) deliver [Defendants' Position: two (2)] [Ascale Position: five (5)] copy sets of such pages to one or more offices of the receiving party's counsel of record[2] [Ascale Position: or to outside consultants disclosed under the Protective Order] or (b) provide notice that the printed portions are excessive or were not requested for a permitted purpose. The number of Pages of Source Code for any one product family may not exceed 400 total pages or 20 contiguous pages for that

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to Paragraph 2(a)(ii).

[2] [Defendants' Position: In an effort to limit the need for outside consultants to travel to review source code printouts, the producing Party is also willing to provide space at an outside counsel's office close to the home of any consultant or expert to whatever extent feasible once location of the consultants is disclosed.]

product family. These limits may be increased by agreement of the parties or on a showing of need. The producing party will accommodate reasonable requests for additional printed pages.

i. In the event that the producing party provides notice that the printed portions are excessive or were not requested for a permitted purpose and the receiving party disagrees, the parties shall first try to resolve the dispute in good faith. If the dispute cannot be resolved, the producing party shall object in writing to the receiving party. The receiving party shall then have fourteen (14) days to move for an order that the producing party produce the printed pages.

j. *Receiving Party Log.* The receiving party must maintain a log identifying each person who reviews the printouts, the date and time of the review, and the production numbers of the pages reviewed. The receiving party must provide the producing party with a copy of the log on two business days' notice, but no more than once per month absent a showing of good cause.

k. To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as Outside Counsel's Eyes Only – Source Code or (2) those pages containing quoted Source Code Material will be separately stamped and treated as Outside Counsel's Eyes Only – Source Code.

l. No electronic copies of Source Code Material shall be made without prior written consent of the producing Party. Consent will not be unreasonably withheld where such electronic copies are necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically.

m. Should such printouts or photocopies be permissibly transferred back to electronic media, such media shall be labeled "Outside Counsel's Eyes Only – Source Code" and shall continue to be treated as such.

n. *Maintenance of Printouts.* The copy sets of the Source Code must be kept at all times in the office(s) of counsel of record. The delivered copy sets must be kept in a locked storage container where they will not be accessible to persons other than those allowed access under this Order. Printed pages of Source Code must be transported by hand carry in a briefcase or storage container and may not be shipped or scanned and electronically transmitted. Except as explicitly permitted below, the receiving party is prohibited from making additional copies or scanning the printouts. [ Defendants' Position: Outside consultants are prohibited from keeping copy sets] [Ascale Position: Outside consultants are permitted to keep copy sets of delivered printouts under the same restrictions as Outside Counsel].

o. The receiving Party may temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to

the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition).

p. *Transportation of Copy Sets.* In the event that a producing party authorizes a receiving party to transport copy sets of the Source Code, transportation is permitted only by hand by a person authorized to have access under subparagraph 2(a). If an authorized person is taking copy sets on a flight, they must be carried on the plane and may not be checked. Copy sets may not be shipped by courier, such as Federal Express.

q. *Use at Depositions and Hearings.* A receiving party is prohibited from making copies of Source Code for use at a deposition or at a hearing without the producing party's prior written consent. Absent such consent, the receiving party must provide the producing party with three (3) business days' advance notice of its need for printed copies and identify the required pages by production number. The producing party will then either authorize the receiving party to prepare copies for use in the deposition or hearing or agree to supply copies itself on the day of the deposition or hearing. At the conclusion of the deposition or hearing, the copies will be returned to the producing party or destroyed. Copies will not be attached to deposition transcripts.

r. *Use in Expert Reports and Discovery Documents.* To the extent it is necessary to reference Source Code in an expert report or other discovery document, the excerpts must be limited to the minimum amount necessary to support the specific argument made. Documents containing excerpts must be designated "Outside Counsel Eyes Only – Source Code."

s. The receiving party may request that commercially available licensed software tools for viewing and searching of Source Code Material (such as NotePad ++, Beyond Compare, and SciTools Understand) be installed on the stand-alone computer(s) for purposes of the review. The receiving party must provide the producing Party with the CD, DVD, or website link(s) containing the software tool(s) to be installed on the stand-alone computer(s). Not later than five (5) business days after the receiving party provides to the producing Party the CD, DVD, or website link(s) for the requested software tools, the producing Party shall install and make the requested software tools available for use on the stand-alone computer provided that the requested search software is compatible with the operating system, and other software necessary to make the Source Code available for inspection, installed on a Source Code Review computer(s), does not prevent or impede the receiving Party's access to the Source Code Material produced for inspection on Source Code Review computer(s) and does not side-step any of the security features enabled on a Source Code Review computer(s). The receiving party shall not use any compilers in connection with the producing Party's Source Code Material.

**5. Prosecution and Development Bar**

a. *Prosecution Bar.* Individuals associated with a receiving party (i.e., counsel of record, Litigation Managers, and outside consultants) who personally review any technical Outside Counsel Eyes Only material or Outside Counsel Eyes Only – Source Code material pertaining to the producing party's products that incorporate or consist of source code, schematics, portions of source code or schematics, or technical specifications are prohibited from participating in the preparation, drafting, revision, or prosecution of any patent, patent application, reissue application, or patent claim related to thread scheduling; integrated circuits with integrated optical functionality; powering down processors and processor power sources in response to a power supply error condition; adjusting voltage supply to processor memory based on temperature; and/or adjusting voltage supply to a processor based on dynamic voltage scaling, or that claims priority from an application that was filed, before one year following the final termination of this action (including any appeals). This prosecution bar does not prevent an individual from participating in a reexamination, inter partes review, or other post-grant review proceedings (not including reissues) except that the individual is prohibited from participating in the drafting or amendment of any claim related to thread scheduling; integrated circuits with integrated optical functionality; powering down processors and processor power sources in response to a power supply error condition; adjusting voltage supply to processor memory based on temperature; and/or adjusting voltage supply to a processor based on dynamic voltage scaling.

b. *Development Bar.* A receiving party's outside consultants who personally review any technical Outside Counsel Eyes Only material or Outside Counsel Eyes Only – Source Code material must agree not to perform hardware, software or product development work for commercial purposes related to integrated circuit design for or on behalf of Intel's direct competitors or any entity that is attempting to commercialize a product in the same field as the produced Outside Counsel Eyes Only – Source Code until one year following the final termination of this action (excluding any appeals).

**6. Use of Classified Information**

a. All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms of this Order.

b. *Security of Classified Information.* Any person or entity in possession of a producing party's Classified Information shall exercise the same degree of care with regard to the storage, custody, and/or use of such Classified Information as they would apply to their own material of the same or comparable sensitivity. Receiving parties must take reasonable and appropriate precautions to protect Classified Information from any unauthorized loss, access, disclosure,

exfiltration, alteration, modification, and destruction. Classified Information in electronic format shall be maintained in a secure manner that complies with generally accepted industry standards and practices regarding data security, including but not limited to appropriate encryption protocols and application of access control rights to those persons entitled to access Classified Information under this Order. Classified Information in paper format shall be maintained in a secure location with access limited to persons entitled to access Classified Information under this Order. The secure location shall be locked, and access shall be controlled by a password, physical key or other similar access control mechanism. The Classified Information shall be stored in a manner that prevents unauthorized viewing, copying, or removal.

c. *Large Language Models / Generative AI Tools*. Absent notice to and permission from the producing party, any person or entity authorized to have access to materials under the terms of this Order shall not use or employ any application, service, or analytical software that will transfer, transmit, send or allow any external access to those materials (in whole or in part) unless such application, service or analytical software is fully containerized (i.e., does not transmit any information to any external system or network for the purpose of analysis, use, or the generation of text outputs in response to queries, has the ability to track all information in the system (including access), and does not otherwise allow access to information by unauthorized persons). For the avoidance of doubt, this restriction expressly applies to the use of advanced large language models, "generative" AI tools, and other advanced AI systems, including but not limited to OpenAI GPT, ChatGPT3/4 et seq., Google Bard, Meta LLAMA, MidJourney, DALL-E, and Stable Diffusion. If any fully containerized application, service or analytical software is utilized, such large language model or artificial intelligence models, artificial intelligence inputs, and artificial intelligence outputs will be deleted in accordance with Paragraph 58 of this Order.

d. *Transmittal of Classified Information.* A receiving party will not transmit or transport Classified Information outside of the United States. To the extent that a receiving party is authorized to transport or transmit electronic copies of Classified Information, only the following methods may be used: (i) encrypted email using an encryption tool that has a passphrase of at least 20 characters in length and using at least 128-bit Advanced Encryption Standard (AES) cipher option; (ii) a secure FTP site that implements 256 bit AES encryption over SSL and utilizes access controls, and the files containing the information are encrypted using a key length of at least 20 characters and 256 bit AES encryption and are removed from the Secure FTP site within 3 days; and (iii) hand-delivery, where the data is stored on an encrypted hard-drive using at least AES 128-bit hardware encryption algorithm and a removable hardware key or an RFID secured card.

e. *Export Controlled Information*. Export Controlled Information is prohibited (a) from being disclosed to anyone who is not a "U.S. Person" (as defined in 22 C.F.R. § 120.15), including counsel of record and outside consultants, and (b) from being transported or transmitted outside of the United States or to any

recipient who is located outside of the United States. Counsel of record must store all Export Controlled Information in a manner such that access is limited to U.S. Persons. If a receiving party anticipates disclosing Export Controlled Information to the court, including at any hearing or at trial, it will confer on the proper safeguards to avoid an export violation with the designating party and, if necessary, the court.

**7. Marking of Documents**

a. Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential," "Confidential - Attorneys' Eyes Only," or "Outside Counsel's Eyes Only – Source Code." The designation should be made in a fashion or form that is conspicuous yet allows the Classified Information to remain legible. In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

b. *Designating Other Material.* For non-documentary material, the designating party must affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "Confidential," "Outside Counsel Eyes Only," or "Outside Counsel Eyes Only – Source Code."

**8. Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential," "Confidential - Attorneys' Eyes Only," or "Outside Counsel's Eyes Only – Source Code" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy of the transcript in that party's possession, custody, or control. All deposition transcripts shall be treated as Confidential - Attorneys' Eyes Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

**9. Disclosure to Qualified Persons**

a. *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction. But if a disclosure is compelled by law or court order, the receiving party will notify the producing party as promptly as practicable (if at all possible, before making such disclosure). The receiving party shall seek a protective order or confidential treatment of such information or cooperate with the producing party to protect the information. Information designated as Confidential - Attorneys' Eyes Only or Outside Counsel's Eyes Only – Source Code shall be restricted in circulation to Qualified Persons described in subparagraph 2(a) and (b).

b. *Retention of Copies During This Litigation*. Copies of Confidential – Attorney's Eyes Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c. Each party's outside counsel shall maintain a log of all copies of Confidential - Attorneys' Eyes Only and Outside Counsel's Eyes Only – Source Code documents that are delivered to Qualified Persons.

**10. Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Classified information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**11. Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as Confidential - Attorneys' Eyes Only during inspection. At the time of copying

for the receiving parties, Classified Information shall be marked prominently "Confidential," "Confidential - Attorneys' Eyes Only" or "Outside Counsel's Eyes Only – Source Code" by the producing party.

An inadvertent failure to designate confidential material does not waive a designating party's right to secure protection under this Order for that material. On discovery of an inadvertent failure to designate, a designating party may give written notice of the designation and provide substitute copies of the material bearing the appropriate legend. The receiving party must then treat the material in accordance with the new designation, retrieve and destroy all copies of the previously produced version of the material from anyone who had received it, and destroy any electronic copies of the previously produced version.

**12. Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

**13. Challenging the Designation**

a. *Classified Information*. A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b. *Qualified Persons*. A party shall have ten calendar days from receipt of notice provided under §2(a)(ii) to object to the disclosure of Classified Information to the designated expert or consultant (and their administrative or clerical staff). In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 21 days from the date of the designation or, in the event particular Classified Information

is requested subsequent to the designation of the Qualified Person, 21 days from service of the request to move the court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting party shall demonstrate that disclosure to the disputed person would expose the objecting party to a substantial risk of harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless the court enters an order preserving the designation.

**14. Manner of Use in Proceedings**

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

Nothing in this Order shall limit the parties' rights or ability to offer evidence at a hearing or trial. The manner of using any Classified Information at a hearing or trial and the status of Classified Information resulting from any such use will be determined by the court.

**15. Filing Under Seal**

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

**16. Return of Documents**

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

**17. Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or

order of the court with respect to dissolution or modification of this, or any other, protective order.

**18. Advice to Clients**

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

**19. Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**20. Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work-product protection is waived by disclosure connected with this litigation.

**21. Clawback/Privilege Dispute**

Upon notification by the producing party that privileged material has been inadvertently produced, the receiving party shall promptly segregate and destroy or return the privileged material (including copies distributed to others, such as outside consultants and professional vendors), and shall expunge the privileged material from any derivative documents, systems, document review databases, e-rooms, or other storage locations. Any producing party that claws back privileged material will provide the receiving party with a privilege log that identifies the basis for the assertion of privilege or protection over the clawed-back documents. If there is a dispute about the privileged nature of clawed-back documents, the parties shall undertake reasonable efforts to resolve the dispute without court intervention. To the extent the parties cannot resolve the dispute, the receiving party may bring a motion to compel production of the privileged documents, which shall be filed under seal, but may not assert as a ground for compelling production the fact or circumstance that the privileged material was produced. The receiving party may make no use of the privileged material during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are found by a court to be not privileged or protected. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502, including specifically 502(d) and other applicable laws and regulations.

**22. Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this ________ day of _________, 20__ .

____________________________
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| ASCALE TECHNOLOGIES LLC, | § | Case No. 7:25-cv-00273-LS |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| INTEL CORPORATION, | § | |
| Defendant, | § | |
| and | § | |
| ALTERA CORPORATION, | § | |
| Intervenor. | § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, ______________________________________________, declare that:

1. My address is ____________________________________________________________.

   My current employer is ____________________________________________________.

   My current occupation is __________________________________________________.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature ________________________________________

Date ______________________________